### STATE OF INDIANA V. ANDREW J. SMITH.

*Statute—Construction of Saving Clause.*—The statute of 1879 provides, that: "All laws upon the subject of embezzlement now in force are hereby repealed; *Provided,* That all prosecutions now pending under the law as it now is, and all offenses already committed, may be prosecuted under the law now in force." Held, that this refers to the previous existing statute upon the subject of embezzlement.

Filed April 19, 1881.

Appeal from Hendricks.

D. P. Baldwin, W. W. Thornton, R. B. Black, Enoch G. Hogate, for appellant, as to sufficiency of facts in indictment, cited *Jones* v. *State*, 59 Ind. 229; Moore's Crim. Law, 753; 2 Bishop's Crim. Procedure, 166.

Chas. Foley, for appellee as to effect of repeal of criminal act without a saving clause, cited *Whitehurst* v. *State*, 43 Ind. 473; *Mullinix* v. *State*, 43 Ind. 511.

Opinion of the court by Mr. Chief Justice Niblack.

This was a prosecution against Andrew J. Smith for embezzlement.

The indictment was in five counts, each charging in a different way, that the defendant had, on the 30th day of October, 1878, while in the employment of one Bradly Bartholomew, embezzled the sum of seventy-two dollars and twenty seven cents, the property of the said Bartholomew.

The indictment was returned on the 11th day of October, 1879.

At the January term, 1880, of the court below, the defendant moved the court to quash the indictment, upon the ground that the alleged offense was committed while the act of December 21, 1865, defining and punishing embezzlement, was in force, and that the right to afterwards indict and punish persons guilty of offenses under that act was not saved by the act of March 21, 1879, which was substituted for that of 1865. R. S. 1876, vol. 2, 449 ; Acts of 1879, 126.

The motion to quash the indictment was sustained, and the defendant discharged.

The State has appealed, and assigned error upon the decision of the court quashing the indictment.

The third section of the act of 1879, amendatory of the law concerning embezzlement, referred to as above, is as follows :

"All laws upon the subject of embezzlement now in force are hereby repealed : *Provided,* That all prosecutions now pending under the law as it now is, and all offenses already committed, may be prosecuted under the law now in force."

The appellee maintains that the obvious meaning of the proviso to the section set out as above is, that all offenses committed under the act of 1865 may be punished under the act of 1879, and that with that construction the proviso is *ex post facto* in its character, and consequently inoperative and void.

Counsel make the precise question at issue between them turn upon the construction to be given to the words, " under the law now in force," with which the proviso concludes, it being contended, on behalf of the appellant, that those words refer to the act of 1865, and on the part of the appellee that they refer to the act of 1879.

The construction contended for by counsel for the appellant

appears to us to be the true one. The first clause of the section containing the proviso, as has been seen, enacts that "All laws upon the subject of embezzlement *now in force* are hereby repealed." By this reference to certain laws " now (then) in force," the Legislature evidently intended to refer, and did refer, to the act of 1865. Any other construction would leave that act still in force, and allow the appellee to be prosecuted under it, upon the theory that it has not been repealed.

The reference to the " law now (then) in force," in the proviso, must be construed in connection with those similar words in the repealing clause, and be held also to apply to the act of 1865.

When the act of 1879 was before the Legislature, the act of 1865 constituted the law then in force on the subject of embezzlement, and must of necessity have been the act referred to, both in the repealing clause and in the proviso as the then existing law on that subject. We are therefore of the opinion that the authority to prosecute offenses like the one described in the indictment in this case, was saved by the act of 1879, and that the Court erred in sustaining the motion to quash the indictment.

The judgment is reversed at the costs of the appellee and the cause remanded for further proceedings.